

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~█████████████~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS   February 8, 1939

Hon. Wm. Scanlan
Assistant County Attorney
Brown County
Brownsville, Texas

Dear Mr. Scanlan:

Opinion No. O-206
Re: Authority of the sheriff to
grant certain persons the
privilege of carrying arms.

Your request for an opinion on the question stated above has been received by this office. We with to thank you for the very able brief presented by you with your inquiries. It has been of great assistance in passing upon the questions presented.

Article 483 of the Penal Code of Texas reads as follows: "Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slingshot, sword cane, spear, or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year."

There are certain exceptions made to this Article, and those exceptions are found in the succeeding Article designated No. 484 of the Penal Code, which is as follows:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, nor to the carrying of arms on one's own premises or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; nor to the Game, Fish and Oyster Commissioner, nor to any deputy when in the actual discharge of his duties as such; nor to any game warden, or local deputy Game, Fish and Oyster Commissioner when in the actual discharge of his duties in the county of his residence, nor shall it apply to any game warden or deputy Game, Fish and Oyster Commissioner who actually receives from the State fees or compensation for his services."

The cases of Moore v. State, 86 Criminal Reports, and Baker v. Satterfield, 111 S.W. 457, hold in effect that an individual is authorized

to carry a pistol upon his own premises and while engaged in the perform-
ance of his duty at his place of business, and that such individual is
authorized under the law to carry a pistol going to and returning from
his place of residence, provided that in making such trips, he does not
go out of the regular course of travel. When not returning home or going
to his place of business, such individual has no authority to carry a
pistol, and in doing so would violate Article 483 of the Penal Code.

In view of the above mentioned authorities, it is the opinion of this
department, and you are respectfully advised, that the sheriff or any other
authority has no right or power to authorize anyone to carry arms which are
prohibited by Article 483 of the Penal Code.

Trusting that the above answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:ob:egw

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS